UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HUNTER DWAIN DILLON,**

    **Plaintiff,**

v.

Case No.: 5:25-cv-227-MMH-PRL

**PHOENIX HOUSE CITRA, FLORIDA,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff Hunter Dwain Dillon, who is proceeding *pro se*, filed suit against Phoenix House Citra, Florida, a residential rehabilitation facility, where he is allegedly completing a court-ordered 12-month program. (Doc. 1). Plaintiff states that he is suing for pain and suffering due to an employee's "reckless behavior." Plaintiff has moved to proceed in forma pauperis. (Doc. 2). Because Plaintiff fails to allege any basis for this Court to exercise subject matter jurisdiction over his claims in this action, I submit that Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied and his complaint (Doc. 1) should be dismissed.[2]

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] In recent months, Plaintiff has filed two lawsuits against Phoenix House Citra, Florida, arising out of his court-ordered stay at the facility. Given the similarities between the two cases, the Court directed Plaintiff to show cause why this action and case number 5:25-cv-195-MMH-PRL should not be consolidated. It appears, however, that the order to show cause was entered prematurely since this action is due to be dismissed because Plaintiff has failed to allege any basis for the Court to exercise subject matter jurisdiction over his claims.

I.   **Legal Standards**

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

II.   **Allegations in Complaint**

Plaintiff alleges that in January 2025—at which point he had already completed 8 months of a 12-month rehabilitation program—he was abruptly awakened at around 8:00 or 9:00 a.m. by an employee named Christina who loudly said, "Do you want to go to jail?!" Plaintiff alleges that he did not know that he was not allowed to be in the room or sleeping during certain hours. According to Plaintiff, although he had not been in trouble before, Christina threatened the most extreme penalty, which he claims was contrary to the normal process of getting an "LE" for minor trouble, a "contract" for more serious trouble, and sent to jail for getting in trouble while on a "contract." Plaintiff alleges that he had been traumatized by his previous incarceration and that Christina "saying this to [him] as soon as [he] woke up traumatized [him] and caused [him] to have PTSD from being in jail." Accordingly, Plaintiff alleges that he is suing for "pain and suffering due to this employee's reckless behavior."

### III.  Discussion

Subject matter jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir.1994)). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir.2000). Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction.

Here, Plaintiff purports to rely solely on diversity of citizenship jurisdiction. Diversity jurisdiction requires that the action be "between ... citizens of different States...." and the matter in controversy must exceed the sum or value of $75,000.00. 28 U.S.C. § 1332(a)(1). The party seeking diversity jurisdiction has the burden of establishing jurisdiction by a preponderance of the evidence. A person is not necessarily a citizen of, or domiciled in, the state in which he resides at any given moment. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). State citizenship, or "domicile" for purposes of diversity jurisdiction, is determined by two factors: residence and intent to remain. *Id.*

With respect to his citizenship, Plaintiff simply states that he has "been unable to leave and get [a] Florida driver's license yet" and that the last driver's license he had was out of the State of Colorado, so he is still a citizen of the State of Colorado. Plaintiff does not explain his connection to the State of Florida, including how long he has been in the State and whether

he intends to stay after completing his twelve-month rehabilitation program. The limited information provided by the Plaintiff is insufficient to determine his citizenship for purposes of diversity jurisdiction.

Moreover, Plaintiff has failed to allege any facts suggesting that the amount in controversy exceeds $75,000.00. Indeed, Plaintiff's claim is based solely on one isolated incident where an employee woke him up and loudly asked, "Do you want to go to jail?!" Even if Plaintiff could allege a claim based on these facts—and as discussed below, I submit that he cannot—it is not plausible that the resulting damages would approach the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

This leaves federal question jurisdiction, which exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law. *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) *cert. denied,* 436 U.S. 946 (1978). Here, no federal question appears on the face of the Complaint. Plaintiff does not allege that any constitutional or statutory right was violated by the Defendant. To the contrary, Plaintiff complains that Christina's conduct was traumatizing and caused him pain and suffering. This is most akin to a state law tort claim for intentional or negligent infliction of emotional distress.

To the extent Plaintiff is attempting to assert a claim for intentional infliction of emotional distress, he must prove (1) the wrongdoer's conduct was intentional or reckless, that is, she intended her behavior and she knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, it went beyond all bounds of decency, and is regarded as odious and utterly intolerable in a civilized community; (3) the

conduct caused emotional distress; and (4) the emotional distress was severe. *Malverty v. Equifax Information Services, LLC*, 407 F. Supp. 3d 1257, 1263 (M.D. Fla. 2019) (citation omitted). In evaluating whether conduct is outrageous, "'the subjective response of the person who is the target of the actor's conduct does not control . . . Rather, the court must evaluate the conduct as objectively as is possible to determine whether it is atrocious, and utterly intolerable in a civilized community.'" *Id*. (citation omitted). And the determination as to whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law to be decided by the court. *Id.*

Here, there is no question that the alleged conduct does not rise to the requisite level of outrageousness under Florida law. While Christina likely startled Plaintiff—and perhaps inappropriately threatened Plaintiff with a return to jail—her conduct is not beyond all bounds of decency, nor is it intolerable in a civilized community. Indeed, "Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse." *Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1368 (11th Cir. 2024); *see also Wilcox v. La Pensee Condo. Assn., Inc.,* No. 21-81565-cv, 2022 WL 2205412, at *3 (S.D. Fla. June 17, 2022) ("Only in the most extreme circumstances can words alone, even incredibly offensive ones, be sufficiently outrageous."). And courts have rejected intentional infliction of emotional distress claims involving allegations describing far worse conduct than that described by the Plaintiff. *See Lopez v. Target Corp.*, 676 F.3d 1230, 1236 (11th Cir. 2012) (citing Florida cases rejecting intentional infliction of emotional distress claims, for example, where a plaintiff alleged his supervisors called him "racially derogatory terms," threatened to fire him, told another employee to create false disciplinary actions against him, made him

work in dangerous conditions and took away his breaks, and where a court described "'vicious verbal attacks' that included the use of humiliating language and racial epithets").

Likewise, Plaintiff has not—and cannot—state a claim for negligent infliction of emotional distress. Generally, in order to recover damages for emotional distress caused by the negligence of another in Florida, the plaintiff must show that the emotional distress flows from physical injuries sustained in an impact. *Trocano v. Vivaldi*, 720 F. Supp. 3d 1231, 1241-42 (M.D. Fla. 2024). The Florida Supreme Court has explained that a person who seeks to recover for mental distress must allege that the "psychological trauma [has] cause[d] a demonstrable physical injury such as death, paralysis, muscular impairment or similar objectively discernable physical impairment." *Brown v. Cadillac Motor Car Division*, 468 So.2d 903, 904 (Fla. 1985). Here, Plaintiff's allegation that he was traumatized and suffered PTSD fails to comply with the impact rule. *See e.g.*, *Trocano*, 720 F. Supp. 3d at 1242 (allegations that defendant's actions caused plaintiff to have anxiety which worsened her rheumatoid arthritis, and caused serious insomnia, paranoia, and loss of appetite were insufficient to comply with the impact rule); *Pipino v. Delta Air Lines, Inc.*, 196 F. Supp. 3d 1306, 1318 (S.D. Fla. 2016) (panic attacks manifested physical symptoms are not equal to a physical injury).

Because Plaintiff has failed to sufficiently allege any basis for this Court to exercise jurisdiction over his claims, his Complaint is due to be dismissed for lack of subject matter jurisdiction. And any further attempts to amend the Complaint would be futile because the underlying event cannot support a plausible claim for intentional or negligent infliction of emotional distress under Florida law.

Accordingly, Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied, and his complaint (Doc. 1) should be dismissed.

**DONE** and **ENTERED** in Ocala, Florida on May 30, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge